The Honorable Terry Rice State Representative Post Office Box 2195 Waldron, Arkansas 72958-2195
Dear Representative Rice:
You have requested my opinion on the following questions, which you report relate to the sale of a calendar featuring photos of the city police department:
 Are funds raised by a third party and given to a city police department public or private? And, may these funds be audited by the Division of Legislative Audit?
RESPONSE
Your first question is very similar to one addressed by my immediate predecessor in Op. Att'y Gen. 2004-100, which I have enclosed for your convenience. As noted therein in response to the question whether similar funds are public or private in nature, this requires an evaluation of various factors, and consequently falls outside the scope of an Attorney General Opinion. As stated in Opinion 2004-100, "I am not empowered as a fact-finder in the issuance of official Attorney General Opinions."
I should nevertheless note in this regard that the Division of Legislative Audit (hereinafter "Division") apparently determined that the particular funds at issue arising from the sale in 2009 of a calendar depicting the City of Waldron Police Department were public in nature, to be accounted for pursuant to the Arkansas Municipal Accounting Law, A.C.A. § 14-59-101 et seq. As indicated above, I am not positioned to undertake the necessary factual inquiry into those circumstances. *Page 2 
I made this clear in another opinion regarding the power and duty of the Legislative Auditor:
 [I]t is the duty of the Legislative Auditor, [1]
in performing audits of state entities, to: "[c]all attention to any funds which, in his or her opinion, have not been expended in accordance with the law, appropriation, ordinance, regulation, or other legal requirement. . . ." A.C.A. § 10-4-407 (Supp. 2007) (emphasis added). The Legislative Auditor is given a number of powers to aid in the performance of this duty. See, e.g., A.C.A. § 10-4-416 (Supp. 2007) (access to records); and A.C.A. § 10-4-421 (subpoena power). Any determination in this regard is therefore placed within your discretion. I am neither statutorily empowered nor equipped to perform this function through an advisory opinion.
Op. Att'y Gen. 2008-063.
In response to your question regarding the Division's authority to audit the funds at issue, reference must be made to Section 7 ofAct 2201 of 2005, which is codified at A.C.A. § 10-4-401 etseq. (Supp. 2009). This law repealed former Subchapters 1 and 2 of Arkansas Code Title 10, Chapter 4. In accordance with this 2005 legislation, any official is subject to audit; and any transaction relating to any funds held by or passed through an official is subject to audit.[2]
These conclusions follow from A.C.A. §§ 10-4-402 and -403, which provide in relevant part as follows:
 The Legislative Auditor has the authority to perform an audit of any entity of the state, political subdivision of the state, or transaction *Page 3 relating to public funds and to prepare a written report of the audit to the Legislative Joint Auditing Committee and to the entity being audited.[3]
"Political subdivision" means:
 any county, municipality, school, quasi-public organization, district, official, office, or employee, or any agency, instrumentality, or function thereof[.][4]
"Public funds" means:
 any funds, moneys, receivables, grants, investments, instruments, real or personal property, or other assets, liabilities, equities, revenues, receipts, or disbursements belonging to, held by, or passed through
an entity of the state or a political subdivision of the state[.][5]
The Legislative Auditor's authority to audit the funds in question must therefore be determined by applying the above provisions to the particular facts at hand. Because I am not a fact-finder in the issuance of official opinions, I cannot make this determination. It should be emphasized, however, that this law was enacted in 2005, and must be taken into account when referring to previous Attorney General Opinions addressing the Division's various powers.
It should perhaps also be noted in closing that the Legislative Auditor has investigative authority with respect to "other funds," which are defined as:
 any funds or assets held by a person, foundation, nonprofit corporation, or any other entity for the specific benefit of a particular entity or entities of the state or political subdivision of the state[.][6] *Page 4 
The Auditor's authority regarding such "other funds" is as follows:
 [T]he Legislative Auditor has the authority to investigate documents, books, and records regarding receipt, expenditure, or disbursement of other funds if the Legislative Auditor determines, subject to approval of the Legislative Joint Auditing Committee or its executive committee, that the investigation of the documents, books, and records is necessary to verify any audit of an entity of the state or a political subdivision of the state or to investigate misappropriation of other funds.[7]
It may bear noting that the Auditor's investigative authority with respect to "other funds" is not dependent upon the characterization of such funds as "public" or "private."
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Legislative Auditor heads the Division of Legislative Audit. A.C.A. § 10-4-401(b) (Supp. 2009).
[2] "Audit" is defined as:
 a financial audit, performance audit, information technology audit, review, report of agreed-upon procedures, compilation, examination, investigation, or other report or procedure approved by the Legislative Joint Auditing Committee for an entity of the state or a political subdivision of the state[.]
A.C.A. § 10-4-402(a)(1) (Supp. 2009).
[3] A.C.A. § 10-4-403(a) (Supp. 2009) (emphasis added).
[4] A.C.A. § 10-4-402(a)(5) (emphasis added).
[5] Id. at (6) (emphasis added).
[6] Id. at (4).
[7]
A.C.A. § 10-4-403(b)(1) (Supp. 2009) (emphasis added).